IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORMAN LEE AGNEW, § | | |
| Inmate #0872250, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-17-2706 | |
| § | | |
| CAPTAIN PHILLIP GRAHAM, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

The plaintiff, Norman Lee Agnew (Inmate #0872250, former TDCJ #854317, former TDCJ #1474886), is currently in custody at the Tarrant County Jail in Fort Worth, Texas. Agnew has filed a civil rights complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), concerning the conditions of his confinement in the Texas Department of Criminal Justice ("TDCJ"), where he was previously incarcerated. Because he is in custody, the Court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the pleadings and dismiss this case if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). After reviewing all of the pleadings as required, the Court concludes that this case must be dismissed for reasons that follow.

I.   **BACKGROUND**

Agnew has filed this lawsuit against the following correctional officers and officials employed by TDCJ: (1) Captain Phillip Graham; (2) Lieutenant T. Balzen; (3) Warden Jolly; (4) Major Gordon; and (5) the "TDCJ Ombudsman" for the State of Texas.[1] Agnew has filed a detailed statement of the facts underlying his claims, which occurred while he was in TDCJ custody.[2]

Agnew contends that Captain Graham and Lieutenant Balzen used excessive force against him when he was incarcerated at the Ramsey II Unit in 2013.[3] Agnew claims that he was assaulted in retaliation for filing grievances against these officers, which resulted in an investigation by the TDCJ Ombudsman.[4] After the assault, Agnew was transferred to a psychiatric facility and then to the Darrington Unit, where Major Gordon placed him in administrative segregation for "bogus" reasons.[5] Agnew was eventually transferred to the Estelle Unit, where he was also placed in segregated confinement, and then to the Huntsville Unit, where he was released after discharging

---

[1]   Complaint [Doc. # 1], at 1.

[2]   *Id.* at 3-7, 9.

[3]   *Id.* at 9.

[4]   *Id.* at 3, 9.

[5]   *Id.* at 4.

2

his sentence on August 14, 2014.⁶ Agnew appears to blame Captain Graham, Lieutenant Balzen, Warden Jolly, and Major Gordon for his wrongful confinement in administrative segregation.⁷

Agnew seeks unspecified relief for the excessive use of force against him and for his wrongful confinement in administrative segregation.⁸ The Court concludes, however, that his complaint must be dismissed because it is untimely filed.

## II. DISCUSSION

Because all of the defendants in this case are state officials, the complaint is governed by 42 U.S.C. § 1983, and not *Bivens*, which provides a remedy for civil rights violations committed by federal agents. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009) (explaining that a *Bivens* action is "the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983") (internal quotation omitted).

Civil rights claims under § 1983 are governed by the two-year statute of limitations provided by Texas law.⁹ *See Piotrowski v. City of Houston*, 237 F.3d 567,

---

⁶ *Id.* at 6.

⁷ *Id.* at 4.

⁸ *Id.* at 9.

⁹ As with civil rights claims filed under 42 U.S.C. § 1983, a *Bivens* action is also controlled by the applicable state statute of limitations, which is two years under Texas law. *See, e.g., Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999); *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998). Thus, the result would be the same even if *Bivens*
(continued...)

3

576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). This means that Agnew had two years from the time that his claims accrued to file a civil rights complaint concerning his allegations. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (explaining that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

Agnew's excessive-force claims accrued no later than 2013, when he was reportedly assaulted by Captain Graham and Lieutenant Balzen. Agnew's claims of wrongful confinement in administrative segregation accrued before August 14, 2014, when he discharged his sentence and was released from TDCJ. However, Agnew did not execute his complaint until July 24, 2017.[10] Because Agnew waited more than two years to file suit from the time his claims accrued, his complaint is untimely and subject to dismissal as legally frivolous. *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Accordingly, this case will be dismissed as frivolous pursuant to 28 U.S.C. § 1915A.

---

[9](...continued)
were to apply in this case.

[10]  Complaint [Doc. # 1], at 10.

4

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

2. Officials at the Tarrant County Jail shall deduct the full amount of the filing fee for indigent litigants ($350.00) from the inmate trust fund account belonging to Norman Lee Agnew (Inmate #0872250) and forward them to the Clerk of Court in compliance with 28 U.S.C. § 1915(b)(2) until the entire fee is satisfied.

3. The plaintiff's complaint is **DISMISSED** with prejudice as frivolous and will count as a strike under 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this order to the plaintiff. The Clerk shall also provide a copy of this order by regular or electronic mail to: (1) Inmate Accounting Office, Tarrant County Jail, 100 North Lamar Street, Fort Worth, TX 76196; and (2) the Three Strikes List at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on  September 28 , 2017.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE